**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **MILTON J. GOINS and CURTIS BAKER,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action No.** |
| **v.** | : | **7:09-CV-133 (HL)** |
| | : | |
| **CITY OF QUITMAN, GEORGIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

Before the Court is Plaintiffs' Motion for Leave to Amend Complaint (Doc. 21).

For the following reasons, the motion is granted. The Court also exercises its

discretion in favor of remanding the remaining state law claims to the Superior Court

of Dougherty County, Georgia. All remaining motions are denied as moot.

## I. BACKGROUND

This case arises out of the death of Samuel Lee Baker ("Baker"). The

complaint alleges that Baker died after he was stopped, shot with a taser gun, and

arrested by law enforcement officers, Defendants Ivan Davis and Rocky Davis.

Plaintiff Milton Goins is Baker's son and Plaintiff Curtis Baker is Baker's brother. The

complaint alleges state and federal law violations.

Plaintiffs originally filed this case in the Superior Court of Dougherty County,

Georgia. Because the complaint contained federal claims, Defendants removed the

case to this Court on November 10, 2009 (Doc. 1).

Defendants Wesley Ross, Ivan Davis, and the City of Quitman then moved on

December 7, 2009 to dismiss the complaint (Doc. 14). Plaintiffs moved to amend the complaint to drop the federal claims on January 14, 2010 (Doc. 21). They ask that the Court decline to exercise supplemental jurisdiction over the remaining state law claims. The scheduling and discovery order (Doc 18) provided that motions to amend were to be filed before August 2, 2010.

Not only do Defendants oppose allowing Plaintiffs to amend their complaint, they also ask the Court to impose Rule 11 sanctions against plaintiffs and their counsel.

Defendants Rocky Davis, Rite-Aid, and Rite-Aid Corporation filed a motion for summary judgment on June 9, 2010 (Doc. 44). Plaintiffs filed a motion for extension of time to complete discovery on June 29, 2010 (Doc. 47).

## II.   ANALYSIS

The plaintiff is the master of his complaint and "the court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Generally, a district court should not deny leave to amend "unless there is a substantial reason." Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir.1999). A motion to amend may be denied on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." Carruthers v. BSA Adv., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004) (citation omitted).

If an amendment drops all the federal claims, then the federal court has the discretion to remand the case and not exercise supplemental jurisdiction over the pendant state law claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357, 108 S.

Ct. 614, 622-23, 98 L.Ed.2d 720 (1987). Generally, if a case has just begun and the federal claims have been dismissed, then the court should generally remand. <u>Riley v. Carson Pirie Scott & Co.</u>, 946 F. Supp. 716, 717, (E.D. Wis. 1996) (citing <u>Carr v. CIGNA Sec., Inc.</u>, 95 F.3d 544, 546 (7th Cir. 1996)).

In this case, none of the reasons to deny a motion to amend are present. The litigation had recently begun and Plaintiffs filed the motion to amend within the time allowed by the scheduling and discovery order. Further, the prejudice to Defendants is low. The motion to amend was filed ten days after discovery commenced, so at that time, the parties had not engaged in extensive discovery, nor had they filed summary judgment motions.

To be sure, granting the motion to amend and remand will cause Defendants to be prejudiced in some sense because the Superior Court may allow Plaintiffs to amend their state complaint to include the former federal claims. In that event, as Defendants point out, Defendants will then remove the case again to federal court and seek dismissal and possibly summary judgment. There is an element of prejudice because Plaintiffs will be provided another chance to reassert their federal claims and therefore, they will have another bite at the apple.

While a decision on the merits of the federal claims may be delayed, on a second removal Defendants can make similar, if not the same arguments that they have currently raised. It is unlikely that Defendants will expend large amounts of their resources defending this case on second motions to dismiss and summary judgment. Thus, there is not enough prejudice to Defendants to warrant denying the motion to

amend.

Finally, it does not appear that the Plaintiffs seek to manipulate the forum. <u>See</u> <u>Carnegie</u>, 484 U.S. at 357 (explaining that "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior int account" when determining whether to remand the case or exercise pendent jurisdiction over the remaining state law claims). Rather, Plaintiffs seek to drop the federal claims to dodge Defendants' motion to dismiss. The Court believes that upon the receipt of Defendants' motion to dismiss, regardless of the forum, Plaintiffs would move to amend their complaint to drop their federal claims. Thus, without evidence of forum manipulation, there is no reason to maintain jurisdiction over the state law claims.

## III.   CONCLUSION

Accordingly, the motion to amend the complaint is granted (Doc.21). The federal claims are dismissed without prejudice and the case is remanded to the Superior Court of Dougherty County. Having granted Plaintiffs motion to amend, the Court finds no reason to impose sanctions upon Plaintiffs or their counsel. All other motions are denied as moot.

**SO ORDERED**, this the 30th day of June, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc